UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EMILIO LOMBARDO IPPOLITO, and
WILMA I. IPPOLITO,

      Plaintiffs,

v.                                            8:14-cv-01675-T-23MAP

SENIOR CIRCUIT JUDGE W. DOUGLAS
BAIRD *et al.*,

      Defendants.
_____/

**REPORT AND RECOMMENDATION**

The Ippolitos, who are well known *pro se* filers in this courthouse, seek *in forma pauperis* status under 28 U.S.C. § 1915 (docs. 2, 3) to prosecute their rambling complaint demanding the issuance of an emergency injunction against various members of the Florida's judiciary who either adversely decided a civil matter against them or are reviewing the matter on appeal. And for good measure, the Ippolitos add as defendants the parties and the lawyers who litigated against them in state court. Because no amendment can cure their pleadings, I recommend their complaint be dismissed and their motions denied.[1]

Section 1915 represents a balance between facilitating an indigent person's access to the courts and curbing the potentially vast number of suits by such persons, who, unlike those who must pay in order to litigate their claims, have no economic disincentives to filing

---

[1] *See Brown v. Johnson*, 387 F.3d 1344, 1348 (11th Cir. 2004); *see also* Fed. R. Civ. P. 15; M.D. Fla. R. 4.07 ("The Court may dismiss the case if satisfied that the action is frivolous or malicious, as provided by 28 U.S.C. § 1915(e); or may enter such orders as shall seem appropriate to the pendency of the cause . . . .").

frivolous or malicious suits once *in forma pauperis* status is granted. A district court may conclude a case has little or no chance of success and dismiss the complaint when it determines from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

The Ippolitos' complaint serves up an incoherent stream of consciousness that includes a hodgepodge of citations having no relevancy.[2] To the extent one can understand what is written, and that is difficult, what the Ippolitos want is clearly barred under by *Rooker-Feldman* doctrine.[3] *Rooker-Feldman* generally prohibits federal courts from reviewing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Four criteria guide its application: (1) the party in federal court is the same as the party in state court; (2) the prior state court ruling was a final or conclusive judgment on the merits; (3) the party seeking relief in federal court had a

---

[2] Plaintiffs cite two cases as asserting authority for federal jurisdiction, both of which have absolutely no application to the issues involved here. *Cohens v. Virginia*, 19 U.S. 264 (1824) and *United States v. Will*, 449 U.S. 200 (1980). In *Cohens*, the Supreme Court was deciding whether the Supreme Court had the power under the Constitution to review Virginia's Supreme Court's rulings in a criminal proceeding. *See generally Cohens*, 19 U.S. at 347-448. After deciding that it did have that power, it found the Virginia Supreme Court properly had adjudicated the Defendants. *Id.* at 448. While in *Will*, the issue was whether Congress violated the Compensation Clause of Article III of the Constitution of the United States Supreme Court. *See Will*, 449 U.S. at 202.

[3] *See Rooker v. Fidelity Trus Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

reasonable opportunity to raise its federal claims in the state court proceeding; and (4) the issue before the federal court was either adjudicated by the state court or was inextricably intertwined with the state court's judgment. *Storck v. City of Coral Springs*, 354 F.3d 1307, 1310 n.1 (11th Cir. 2003) (quotation omitted).  All are present here.

The Ippolitos take issue with the rulings made in their state court foreclosure action. Unsatisfied with the outcome, they intend to bring a federal action against the circuit judge who presided over the matter, the district judges who are presiding over their appeal, and the opposing parties and lawyers who succeeded against them. *See JP Morgan Chase Bank, N.A. v. Emilio Ippolito and Wilma Ippolito*, Civil Action No. 2010-CA-020612, dkt (Fla. Hillsborough Cir. Ct. 2014).   Indeed, the Ippolitos seem to have filed an identical motion in the state court proceedings.  *See id.*

Other obvious reasons warrant dismissal.  "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" *Bolin v. Story,* 225 F.3d 1234, 1239 (11th Cir. 2000) (citations omitted). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id.*  Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity.

*Scott v. Hayes,* 719 F.2d 1562, 1565 (11th Cir.1983). All these occurred here.[4]

Accordingly, it is

    RECOMMENDED:

    1. Plaintiffs' motions for leave to proceed *in forma pauperis* (docs. 2, 3) be denied.

    2. Plaintiffs' complaint (doc. 1) be dismissed.

    IT IS SO REPORTED at Tampa, Florida on July 16, 2014.

*/s/ Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

---

[4] Fla. Stat. § 26.012 provides that "Circuit courts shall have exclusive original jurisdiction . . . in all actions involving the title and boundaries of real property." Fla. Stat. § 26.012; *see Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (finding state court judge's issuance of order was a judicial act). The circuit judge (Baird), acting within his capacity, issued the order directly from chambers arising from an action pending brought before him seeking foreclosure of the Plaintiffs' home. *See JP Morgan Chase Bank, N.A. v. Emilio Ippolito and Wilma Ippolito*, Civil Action No. 2010-CA-020612, dkt (Fla. Hillsborough Cir. Ct. 2014). As for the other named judges, Plaintiffs fail to allege any specific wrongdoings that would negate judicial immunity. *Rogozinski v. Spaulding*, 330 F. App'x 170, 171 (11th Cir. 2009).